UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL REGISTER : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3-06-cv-987 (JCH) |
| : | |
| REINER, REINER & BENDETT, : | |
| PC, : | |
|     Defendant. : | |
| : | May 25, 2007 |
| : | |

**AMENDED RULING RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 25)[1]**

Plaintiff Michael Register brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against the defendant, Reiner, Reiner & Bendett, P.C. ("Reiner"). Register alleges that Reiner violated sections 1692e, 1692f, and 1692g of the FDCPA in Reiner's efforts to collect debt owed by Register to Wells Fargo Financial Bank ("Wells Fargo").

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Register has moved for partial summary judgment on his claim that Reiner failed to provide the notice required by section 1692g. For the reasons that follow, Register's motion is granted in part and denied in part.

## I. STANDARD OF REVIEW

In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is

---

[1]The court issues this Amended Ruling to correct a typographical error in the court's original Ruling (Doc. No. 94). In its caption, the original Ruling incorrectly identified the instant motion as the defendant's motion. The court's Amended Ruling clarifies that the instant motion is brought by the plaintiff.

entitled to judgement as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## II. FACTS

Register, a resident of Connecticut, is a consumer within the meaning of the FDCPA. Reiner, a debt collector within the meaning of the FDCPA, regularly collects or attempts to collect debts owed or asserted to be owed by one individual or entity to another. In an attempt to collect a personal credit card debt owed by Register to Wells Fargo, Reiner sent Register a letter dated November 28, 2005. Pl. Ex. C. The letter among other things, stated that it was an attempt to collect a debt, represented the gross balance on Register's credit card account as $7, 962.77, and purported to outline Register's options with respect to either satisfying or disputing the alleged debt.

2

## III. DISCUSSION

Congress' purpose in enacting the FDCPA was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When a debt collector attempts to collect a debt from a consumer, section 1692g requires the debt collector to provide the consumer with a written notice that contains:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Courts must apply an objective standard to determine whether a debt collector has violated section 1692g, "measured by how the 'least sophisticated customer' would interpret the notice received from the debt collector." Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998) (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996)) (quotations omitted). The "least sophisticated consumer" standard "seeks to protect the naive from abusive practices, while

simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005). Under this standard, a debt collector violates the FDCPA if the language it includes in the notice "overshadows or contradicts" other language apprising a consumer of his rights. Savino, 164 F.3d at 85.

The Second Circuit interprets the FDCPA as a strict liability statute. Russell, 74 F.3d at 33. Still, while the FDCPA does not require consumers to prove that the debt collector acted intentionally in order to prevail on a claim for damages, a debt collector cannot be found liable under the FDCPA "if the debt collector shows by a preponderance of the evidence that the violation [of the FDCPA] was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k (c); Russell, 74 F.3d at 33-34.

Register moves for partial summary judgment on the grounds that Reiner's November 28, 2005 letter violated section 1692g by restricting Reiner to disputing his debt in writing, failing to provide Reiner with thirty days to lodge a dispute, and disclosing a misleading debt amount. Reiner denies each of these assertions and, in the alternative, contends that it is entitled to a bona fide error defense if it is found to have violated any provision of section 1692g. The court addresses these issues in turn.

### A. Reiner's Restriction of Register to a Written Dispute

The court first addresses whether Reiner violated section 1692g(a)(3) by requiring that Register submit any disputes to the validity of his debt in writing. Reiner's November 28, 2005 letter states, in relevant part, that:

> **PURSUANT TO THE [FDCPA], [15 U.S.C. § 1692], PLEASE BE ADVISED THAT YOU MAY DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF. IF YOU DO SO IN WRITING WITHIN THIRTY DAYS OF RECEIPT OF THIS LETTER, THIS FIRM WILL OBTAIN AND PROVIDE YOU WITH WRITTEN VERIFICATION THEREOF; OTHERWISE, THE DEBT WILL BE ASSUMED TO BE VALID.**

Pl. Ex. C. Reiner does not dispute that the clear import of this language required Register to submit a written dispute. Instead, Reiner notes that there is no binding authority in the Second Circuit as to whether consumers are required to dispute the subject debt in writing. Reiner further contends that, at the time it issued notice to Register, the Third Circuit's ruling that any dispute under the section 1692g(a)(3) must be in writing was the sole authority among the Courts of Appeal on the issue. Def. Opp. at 5-6 (citing Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 2001). Based on these factors, Reiner argues that it "reasonably crafted its notice under 15 U.S.C. 1692g to be in compliance therewith." Id. at 6.

The court disagrees. Although Reiner is correct that the Second Circuit has not spoken to this issue, a number of district courts in this Circuit have held that "subsection (a)(3) does not require a consumer to write to the collection agency to dispute the validity of the debt." Vega v. Credit Bureau Enterprises, No. 02-CIV-1550, 2005 WL 711657 at *8 (E.D.N.Y. Mar. 29, 2005) (citing cases district court decisions from the Second Circuit); see also Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078, 1081-82 (9th Cir. 2005) (disagreeing with Graziano and holding that consumers can orally dispute their debts under section 1692g(a)(3)); cf Brady v. Credit Recovery Co., Inc., 160 F.3d 64, 66-67 (1st Cir. 1998) (finding Congressional omission of a writing requirement in section 1692e(8) to be intentional where Congress explicitly imposed a

5

writing requirement in other sections of the FDCPA). The court finds the logic of these district courts persuasive. Congress acted intentionally when it did not limit the type of dispute contemplated by section 1692g(a)(3) to a written notice, just as Congress acted intentionally when it did impose written requirements in sections (a)(4), (a)(5), and 1692g(b). See Ong v. American Collection Enterprise, Inc., No. 98-CV-5117, 1999 WL 51816 at *2-4 (E.D.N.Y. Jan. 15, 1999). Therefore, the court finds that Reiner's November 28, 2005 letter violated section 1692g(a)(3) by requiring Register to submit any dispute to his debt in writing.

Next, the court considers whether Reiner is entitled to the bona fide error defense of section 1692k(c) for Reiner's violation of section 1692g(a)(3). Reiner argues that the defense applies because it "relied on the FDCPA interpretation of the highest court to have considered the issue at the time its notice was drafted." Def. Opp. at 14. However, section 1692k(c) does not excuse statutory violations that "resulted from a mistaken view of the law." Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989); see also Goins v. JBC & Assocs., P.C., 352 F.Supp.2d 262, 273-74 (D.Conn. 2005) (discussing strict liability aspect of FDCPA and bona fide error defense). Reiner is therefore not entitled to a bona fide error defense for its violation of section 1692k(c). The court consequently grants Register's motion for summary judgment on this claim.

### B. Reiner's Notice Concerning Time to Dispute Debt

The court now turns to Register's contention that Reiner's November 28, 2005 letter did not provide Register with thirty days to dispute his debt, as guaranteed by section 1692g(a)(5). As Register notes, page 1 of Reiner's letter states that "[t]he

6

action necessary to cure such default is payment in full of the above referenced sum."
Pl. Ex. C.  Register then points out that the letter goes on to state on page 2 that, "[i]f the default is not cured within the thirty (30) day period, this firm will initiate an action in small claims court to collect the debt."  Id.  The combined effect of these passages, in Reiner's view, is to convey the idea that the consumer's debt must be paid within thirty days, regardless of whether the consumer disputes the debt in question.  Pl. Mem. at 5 (citing Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998)).  Reiner responds by asserting that, even if its statement regarding the time to cure a default was ambiguous, it cured any such ambiguity by including a statement in the letter that, "**YOU MAY DISPUTE THE VALIDITY OF THE DEBT . . . IN WRITING WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS LETTER . . . OTHERWISE, THE DEBT WILL BE ASSUMED TO BE VALID."**  Pl. Ex. 5; see also McStay v. I.C. System, Inc., 308 F.3d 188, 191 (2d Cir. 2002) (holding that clear language in one portion of a later may cause ambiguity in another portion to dissipate).

     The court finds that the language in Reiner's letter regarding the time to cure a default overshadows and contradicts the language informing Register about the time in which he could dispute his debt.  It is significant that Reiner's language concerning the time to cure a default comes immediately after the passage addressing Register's dispute rights.   Thus, while the latter section could convey to a consumer that, if the consumer disputes his debt within thirty days, the debt will no longer be assumed valid, this notion is then thrown into significant doubt by Reiner's admonition that a consumer only has thirty days to cure the default.

7

A more fundamental problem is that the bold, capitalized language is itself ambiguous as whether submitting a written dispute necessarily prevents Reiner from assuming the consumer's debt is valid. The only clear message from this section is that the sole way to prevent Reiner from assuming the debt to be valid is to submit a written dispute. Nothing in the passages precludes the possibility that, even if the consumer submits a written dispute, Reiner would still consider the debt valid and collectible. As a debt collector is required to halt its debt collection activity when a consumer makes a written request for validation, the confusion caused by this section is fatal. See 15 U.S.C. § 1692g(b).

Reiner's failure to state plainly a consumer's rights under 15 U.S.C. § 1692g(a)(5) is particularly objectionable considering that the Second Circuit has given specific guidance to debt collectors on how to avoid liability on this issue. See Savino, 164 F.3d at 86 (providing two sample paragraphs that debt collectors may use to "effectively inform a consumer as to his or her rights under the FDCPA without imposing an undue burden on a debt collector's legitimate efforts to obtain prompt payment of debts"). In any event, the court grants Register's motion for summary judgment as to Reiner's violation of 15 U.S.C. § 1692g(a)(5).

### C. Reiner's Disclosure of the Debt Amount

Register's final contention is that Reiner violated, *inter alia*, section 1692g(a)(1) by asserting in its letter that, "[p]resently, there remains a gross balance on your credit card account in the sum of $7,962.77." Pl. Ex. C. The letter is deficient in Register's view because it characterizes the gross balance as a sum certain, when, in fact,

Register's balance was accruing interest on a per diem basis. Pl. Mem. at 6 (citing Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000).

Register's assertion is without merit. After disclosing Register's alleged account balance, Reiner's letter states that "[t]he action necessary to cure such default is payment in full of the above referenced sum." Pl. Ex. C. There is no evidence in the record that, had Register paid the amount indicated, Wells Fargo would have refused to consider his debt fully satisfied, regardless of any per diem interest rate applicable to Reiner's account. The court therefore denies Register's motion for summary judgment on this point.

## IV. CONCLUSION

For the foregoing reasons, Register's Motion for Summary Judgment (Doc. No. 25) is GRANTED in part and DENIED in part. It is granted with respect to Register's claim under sections 1692g(a)(3) and 1692g(a)(5). It is denied as to Register's claim under section 1692g(a)(1).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of May, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge